UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LEE,<br><br>            Plaintiff,<br><br>     v.<br><br>KEN OWENS,<br><br>            Defendant. | No. 2:16-cv-0123 JAM AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (citation and some internal quotations marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between

3

medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

The complaint alleges that defendant Owens negligently gave plaintiff the wrong medication. ECF No. 1 at 3. Plaintiff claims that defendant did not realize that he had given plaintiff the wrong medication until he had moved on to the next cell and saw that he was still in possession of plaintiff's medication. Id. at 4. After coming to this realization, defendant offered plaintiff his correct medication. Id. Even though the incorrect pills were administered to plaintiff under defendant's direct observation, it is clear from plaintiff's allegations that defendant's actions were accidental rather than deliberate. The alleged actions are therefore insufficient to support a claim for deliberate indifference. Id. However, the complaint also alleges that defendant ignored plaintiff's concerns about being given the incorrect medication. Id. at 5. After learning of the mishap, plaintiff communicated his personal health concerns to defendant, but defendant ignored his concerns. Id. Defendant, as a nurse, presumably knows that there can be serious consequences from taking the wrong medication. Id. Accordingly, the court can infer that once defendant realized that he gave plaintiff the wrong medication, he would have known that plaintiff was at risk of possible adverse side effects. Based on plaintiff's account of the events, defendant did not take any action to ensure that plaintiff did not need treatment, such as examining plaintiff further, checking what medication plaintiff took, or checking whether plaintiff would experience adverse or dangerous side effects from the medication. Id. After taking the medication, plaintiff eventually became "light-headed; nauseated; dizzy; [had] stomach pain; cold-sweats; and finally, uncontrolled vomiting" and was ultimately sent to the hospital for treatment. Id.

Plaintiff's claim that Owens failed to take any action after accidentally giving him the wrong medication, and that he was later sent to the hospital for treatment as a result, is sufficient

4

to state a claim for deliberate indifference and defendant Owens will be required to respond to the complaint.

IV.   State Tort Claim

To the extent plaintiff is attempting to bring a state tort claim for negligence, he fails to state a claim. The statute of limitations is an affirmative defense, not a pleading requirement. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003), overruled on other grounds Albino v. Baca, 747 F.3d 1162 (2014); Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185, 1191 (Cal. 2013). However, under California law, the timely presentation of a claim under the California Tort Claims Act is a condition precedent and therefore is an element of the cause of action that must be pled in the complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (Cal. 2007) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1245 (Cal. 2004)).

A plaintiff seeking to bring a lawsuit for money or damages against the state[1] for personal injury must first submit a claim to the California Victim Compensation and Government Claims Board ("Claims Board") within six months after accrual of the cause of action. Cal. Gov't Code §§ 905.2; 911.2. A claim against a public employee[2] or former public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a timely notice of claim to the Claims Board before he can bring suit against a state employee.

The complaint fails to allege any facts showing that plaintiff has complied with the California Tort Claims Act or that his compliance was excused. Accordingly, his negligence claim is dismissed with leave to amend.

---

[1] "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

[2] A "public employee" is an employee of a "public entity," which includes the State. Cal. Gov't Code §§ 811.2, 811.4.

V. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state a cognizable negligence claim against defendant Owens. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Owens on his claim that Owens was deliberately indifferent to his medical needs when he failed to provide treatment, or he may delay serving defendant and amend the complaint to attempt to state a cognizable negligence claim.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claim without amending the complaint, the court will send him the necessary forms for service of the complaint and the negligence claim will remain dismissed without prejudice.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). For his state tort claim, plaintiff must allege sufficient facts to show that he timely complied with the California Tort Claims Act or is excused from compliance. <u>Shirk</u>, 164 P.3d at 634 (citation omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Summary

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

If you want, you can either (1) proceed immediately on your Eighth Amendment claim against defendant Owens, or (2) you can try to amend the complaint to state a claim for negligence. If you want to go forward without amending the complaint, your negligence claim will remain dismissed without prejudice. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered. You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's state tort negligence claim against defendant Owen for giving him the wrong medication is dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Owen for failing to provide treatment, as set forth in Section III above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: May 26, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEN OWENS,<br><br>　　　　　　Defendant. | No. 2:16-cv-0123 JAM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Owens without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his negligence claim against defendant Owens will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　Ben Lee
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1